# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CHARLES F. ROBERTSON, | Case No. 1:14-cv-00364-SAB |
|---|---|
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| JOHN DOE, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Charles F. Robertson is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed March 14, 2014. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff alleges that the Director of the California Department of Corrections and Rehabilitation, Warden of Avenal State Prison ("ASP"), Chief Medical Officer of ASP, and Classification Staff Representative at Folsom State Prison, either directly or indirectly, allowed him to be exposed to Valley Fever in violation of the Eighth Amendment. (Compl. 3, ECF No. 1.)

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. In

1 other words, to state a claim for relief under section 1983, Plaintiff must link each named
2 defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's
3 federal rights.

4      In this instance, Plaintiff has not linked the defendants named in his complaint to any acts
5 or omissions that purportedly led to the violation of his constitutional rights.  General assertions
6 that there was an act or failure to act do not suffice to show that Plaintiff's constitutional rights
7 were violated by these Defendants.  Iqbal, 556 U.S. at 678-79.  It appears that for some of the
8 defendants that Plaintiff is attempting to impose liability, not on Defendants' personal
9 involvement, but because they hold positions of authority which does not provide a basis for
10 liability under section 1983.  Iqbal at 677 ("Absent vicarious liability, each Government official,
11 his or her title notwithstanding, is only liable for his or her own misconduct."); Jones, 297 F.3d
12 at 934.

13      Further, to constitute cruel and unusual punishment in violation of the Eighth
14 Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."
15 Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of
16 an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the
17 'minimal civilized measure of life's necessities,' " and (2) "the prison official 'acted with
18 deliberate indifference in doing so.' " Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
19 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  In order to
20 find a prison official liable under the Eighth Amendment for denying humane conditions of
21 confinement within a prison, the official must know "that inmates face a substantial risk of
22 serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer
23 v. Brennan, 511 U.S. 825, 847 (1994).

24      While Plaintiff alleges that he contracted Valley Fever, not every injury that a prisoner
25 sustains while in prison represents a constitutional violation.  Morgan v. Morgensen, 465 F.3d
26 1041, 1045 (9th Cir. 2006) (quotation marks omitted).  In order to state a claim in this instance,
27 Plaintiff must allege sufficient facts to show that he was at a substantial risk of harm.  The mere
28 existence of coccidioidomycosis spores in the soil around ASP is not sufficient to support a

1 claim of unconstitutionally grave conditions of confinement. Further, Plaintiff's complaint lacks specific allegations to show that Defendants knowingly disregarded the alleged risk of harm to Plaintiff's health or safety.

Plaintiff shall be granted an opportunity to file an amended complaint to correct the deficiencies identified in this order. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. Iqbal, 556 U.S. at 678.

### III.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint superSedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed March 14, 2014, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 6, 2014**

UNITED STATES MAGISTRATE JUDGE