UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES F. ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00364-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND<br><br>[ECF No. 9] |

Plaintiff Charles F. Robertson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 12, 2012. Local Rule 302.

Now pending before the Court is Plaintiff's first amended complaint, filed June 30, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff alleges that the Director of the California Department of Corrections and Rehabilitation (CDCR), Warden of Avenal State Prison ("ASP"), Chief Medical Officer of ASP, and Classification Staff Representative at Folsom State Prison, either directly or indirectly, allowed him to be exposed to Valley Fever in violation of the Eighth Amendment. (Compl. 3, ECF No. 1.) Plaintiff contends it is well known that ASP has had more cases of Valley Fever within the prison itself than the area around the prison. The Director of CDCR, Warden of ASP, Chief Medical Officer of ASP, were fully aware of the presence of Valley Fever and the affects it would have on people with pre-existing medical conditions. Plaintiff contends it is a fact that he did not have Coccidiodomycosis prior to his transfer to ASP, and he has now contracted the disease and suffers its effects. Plaintiff contends that Classification Staff Representative at Folsom State Prison may or may not have known of the Coccidiodomycosis situation at ASP, he ultimately made the transfer possible.

# III.

# DISCUSSION

### A.  Deliberate Indifference to Serious Medical Need

Under the Eighth Amendment, "prison officials are … prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, __ F.3d __, 2014 WL 2523682, at *12 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008) (emphasis added) (quoting Farmer, 511 U.S. at 841). Thus, a prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damages to his future health." Helling, 509 U.S. at 45.

#### 1.  Defendants Director, Warden, and Chief Medical Officers Named as Does

As previously stated, Plaintiff names the Director of CDCR, Warden of ASP, and Chief Medical Officer of ASP, as John Doe Defendants, without providing the individual name of each Defendant.

The allegations in the first amended complaint give rise to a cognizable claim for deliberate indifference to a serious medical need against the Director of CDCR, Warden of ASP, and Chief Medical Officer of ASP.

However, Plaintiff is advised that although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. The burden is on plaintiff to discover the identity of the defendants, thus, if and when service of process is ordered, Plaintiff should be prepared to provide the Court much information and details as is available in order to ascertain the identity of the Doe defendants. Therefore, to the extent

1  Plaintiff is able to identify each of these Defendants by name he must file a second amended
2  complaint to do so.  If Plaintiff files a second amended complaint, he is specifically advised that
3  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809
4  F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,
5  unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no
6  "buckshot" complaints).

7  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
8  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
9  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties
10 and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a
11 constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as
12 true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .
13 . ." Twombly, 550 U.S. at 555 (citations omitted).

14 Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc.,
15 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be
16 "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All
17 causes of action alleged in an original complaint which are not alleged in an amended complaint are
18 waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.
19 1981)); accord Forsyth, 114 F.3d at 1474.

20 If Plaintiff is unable to amend the complaint to name the identity of each Defendant,  before
21 the Court orders the United States Marshal to serve a Doe defendant, Plaintiff will be required to
22 identify him or her with enough information to locate the defendant for service of process.  The United
23 States Marshal cannot initiate service of process on unknown defendants.  Plaintiff will be given an
24 opportunity through discovery to identify the unknown (Doe) defendants. Crowley v. Bannister, 734
25 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)).  Once
26 the identity of a Doe defendant is ascertained, the Plaintiff must file a motion to amend his complaint
27 only to identify the identified Doe defendant so that service by the United States Marshal can be
28 attempted.  Therefore, the court will send plaintiff the appropriate service documents at such time that

plaintiff ascertains the identities of the Doe defendants.  However, if Plaintiff fails to identify any Doe defendant during the course of the discovery, any Doe Defendant will be dismissed from this action.

        2. <u>Defendant Classification Staff Representative at Folsom State Prison Identified as John Doe Defendant</u>

Plaintiff fails to state a cognizable claim against the unidentified Classification Staff Representative at Folsom State Prison.

To state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. In this instance, Plaintiff has not linked the defendants named in his complaint to any acts or omissions that purportedly led to the violation of his constitutional rights.  General assertions that there was an act or failure to act do not suffice to show that Plaintiff's constitutional rights were violated by these Defendants.  <u>Iqbal</u>, 556 U.S. at 678-79.  It appears that for some of the defendants that Plaintiff is attempting to impose liability, not on Defendants' personal involvement, but because they hold positions of authority which does not provide a basis for liability under section 1983.  <u>Iqbal</u> at 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); <u>Jones</u>, 297 F.3d at 934.

Further, to constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference in doing so.' " <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994).

Plaintiff fails to state a cognizable claim for deliberate indifference against the Classification Staff Representative at Folsom State Prison.  As Plaintiff acknowledges in his amended complaint, the

Classification Representative may or may not have known of the risk of Coccidiodomycosis upon his transfer to ASP. Such allegation is insufficient to give rise to a claim for deliberate indifference to a serious medical need. Plaintiff will be given one final opportunity to amend the complaint, if he feels he can do so in good faith.

## III.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 30, 2014, is dismissed with leave to amend;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 2, 2014**

UNITED STATES MAGISTRATE JUDGE