UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES F. ROBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00364-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS INTENT TO PROCEED ON CLAIM AND DEFENDANTS FOUND COGNIZABLE<br><br>[ECF No. 16] |

    Plaintiff Charles F. Robertson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 7, 2014. Local Rule 302.

    Now pending before the Court is Plaintiff's second amended complaint, filed November 14, 2014.

**I.**

**SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names M.D. Stainer, Director of Adult Institutions of the California Department of Corrections and Rehabilitation (CDCR), C. Wofford, Warden of Avenal State Prison (ASP), and Ellen Greenman, Chief Medical Officer at ASP, as Defendants.

Plaintiff alleges it is known that ASP has had more cases and deaths from Valley Fever within the prison than the town and area surrounding the prison. M.D. Stainer, C. Wofford, and Ellen Greenman are responsible for the safety of the institutions and are responsible for the health of each inmate. They were aware that Valley Fever has a serious effect on individuals with pre-existing medical conditions. It is known that CDCR was well informed and ordered by the Court to address the Valley Fever problem, but instead sought other ways to work around the problem rather than shut down the prison for the safety of the inmates and staff.

Plaintiff was ordered transferred to ASP, and prior to his arrival at the prison he did not have Valley Fever. However, five and a half months after this transfer, he was hospitalized with Valley Fever and is now battling the illness. Plaintiff would not have contracted the disease had he not been transferred to ASP.

Plaintiff requests compensatory and punitive damages and full medical coverage for life.

## III.

## DISCUSSION

### A.   Conditions of Confinement

Under the Eighth Amendment, "prison officials are … prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, __ F.3d __, 2014 WL 2523682, at *12 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008) (emphasis added) (quoting Farmer, 511 U.S. at 841). Thus, a prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damages to his future health." Helling, 509 U.S. at 45.

   1.   Defendants Stainer and Wofford

Based on Plaintiff's allegations in the second amended complaint, Plaintiff states a cognizable claim under the Eighth Amendment against Defendants Stainer and Wofford based on his transfer to ASP and contraction of Valley Fever.

   2.   Defendant Greenman

Plaintiff has not alleged facts which demonstrate that Defendant Greenman, as Chief Medical Officer at ASP, was responsible for transfer decisions or any CDCR policy. Accordingly, Plaintiff fails to state a claim for relief against Defendant Greeman. To the extent Plaintiff believes he can

3

amend the complaint to cure the deficiency, the Court will grant Plaintiff one last opportunity to amend the complaint, if he desires to do so.

## IV.

## CONCLUSION AND ORDER

Plaintiff's second amended complaint states a cognizable Eighth Amendment claim against Defendants Stainer and Wofford. However, Plaintiff has not sufficiently alleged facts to state a cognizable claim against Defendant Greenman. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims found cognizable, Plaintiff may so notify the Court in writing, and the Court will dismiss Defendant Greenman, and will forward Plaintiff two (2) summonses and two (2) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

1  Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
2  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
3  the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly,
4  550 U.S. at 556).
5    Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v.
6  Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).
7  The amended complaint must be "complete in itself without reference to the prior or superseded
8  pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original
9  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
10 London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.
11 In other words, even the claims that were properly stated in the original complaint must be completely
12 stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend,
13 he may not bring unrelated claims in the same action.
14   Based on the foregoing, it is HEREBY ORDERED that:
15   1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
16   2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
17    a. File a third amended complaint curing the deficiencies identified by the Court in
18     this order, or
19    b. Notify the Court in writing that he does not wish to file an amended complaint
20     and wishes to proceed only on the Eighth Amendment claims against
21     Defendants Stainer and Wofford; and
22   3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to
23    obey a court order.

IT IS SO ORDERED.

Dated: **December 22, 2014**

            _____
            UNITED STATES MAGISTRATE JUDGE